In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00173-CR**
**NO. 09-13-00174-CR**
**NO. 09-13-00175-CR**
_____

**CHARLES MURRAY JR. A/K/A CHARLES MURRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 09-07250, 09-07323, 09-07326**

**MEMORANDUM OPINION**

Appellant Charles Murray Jr.[1] appeals from the revocation of his deferred adjudication community supervision and imposition of sentence in three separate cases. In each case, Murray challenges the trial court's imposition of a $500 fine in the written judgment, complaining that the trial court failed to orally pronounce the fine as part of his sentence at the revocation hearing. The State concedes that

_____

[1] Charles Murray Jr. is also known as Charles Murray.

1

the inclusion of the fine in the original written judgments constituted error, but contends that such error was corrected by judgments nunc pro tunc subsequently entered by the trial court in each case. We affirm the trial court's original judgments as modified.

In cause number 09-07250, Murray pleaded guilty to unlawful possession of a firearm by a felon, a third degree felony. In cause number 09-07323, Murray pleaded guilty to possession of phencyclidine (PCP), a second degree felony, and in cause number 09-07326, Murray pleaded guilty to possession of cocaine, a second degree felony. In each case, the trial court found the evidence sufficient to find Murray guilty, deferred further proceedings, placed Murray on community supervision for five years, and assessed a fine of $500.

The State subsequently filed a motion to revoke Murray's unadjudicated community supervision in all three cases. Thereafter, the trial court held a hearing on the State's motion to revoke, during which Murray pleaded "true" to two violations of the conditions of his community supervision in each case. At the conclusion of the hearing, the trial court found that Murray violated the terms of his community supervision in all three cases. In cause number 09-07250, the trial court found Murray guilty of unlawful possession of a firearm by a felon and orally pronounced punishment at ten years' confinement. In cause number 09-07323, the

trial court found Murray guilty of possession of a controlled substance, namely PCP and orally pronounced punishment at thirteen years' confinement. In cause number 09-07326, the trial court found Murray guilty of possession of a controlled substance, namely cocaine and orally pronounced punishment at thirteen years' confinement.

In his sole issue on appeal in each case, Murray contends the trial court erred by including a $500 fine in its written judgment when the court did not orally pronounce the fine at the time of sentencing during the revocation hearing. Before considering the merits of Murray's appeal, however, we will first consider whether the trial court corrected any alleged error in the original judgments by subsequently entering judgments nunc pro tunc in each case to remove the references to the assessment of the $500 fine.

The record reflects that Murray filed a notice of appeal in all three cases on April 9, 2013. The reporter's record was filed in each case on April 15, 2013, and the clerk's record was filed in each case on May 16, 2013. On October 22, 2013—approximately one week after Murray filed his opening brief complaining of the inclusion of the $500 fine in the written judgments—the State filed a motion to enter judgment nunc pro tunc in each case to eliminate the references in the original judgments to the assessment of the $500 fine. The trial court granted the

3

State's motions and entered a judgment nunc pro tunc in each case. On December 13, 2013, the district clerk's office filed a supplemental clerk's record in each case containing a copy of the judgments nunc pro tunc. The judgments nunc pro tunc, signed by the trial court in each case on October 25, 2013, eliminate the references contained in the original judgments to the assessment of the $500 fine.[2] On appeal, the State concedes that the inclusion of the fine in the original judgments was improper, but argues that any error was corrected by the trial court's entry of the judgments nunc pro tunc.

A judgment nunc pro tunc permits a trial court to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012); *see also Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). Corrections to the record made in a judgment nunc pro tunc are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Blanton*, 369 S.W.3d at 898.

---

[2] The first page of the judgment nunc pro tunc in cause number 09-07323 states that it was signed on October 25, 2013. However, the second page of the judgment states that it was "[s]igned and entered on April 8, 2013." Despite this apparent conflict, a review of other documents contained in the record establishes that the April 8, 2013 date is a clerical error and that such judgment was, in fact, signed by the trial court on October 25, 2013.

4

It is axiomatic, however, that a trial court must have jurisdiction before it may act on a case; that is, it must have the power to hear and determine the case. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Yarbrough v. State*, 703 S.W.2d 645, 648 (Tex. Crim. App. 1985). Rule 23.1 of the Texas Rules of Appellate Procedure vests a trial court with the authority to correct clerical mistakes or errors in a judgment or order through entry of a judgment nunc pro tunc so long as the defendant has not appealed.[3] *See* Tex. R. App. P. 23.1; *State v. Bates,* 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (interpreting former Texas Rule of Appellate Procedure 36, predecessor to current Rule 23.1). Further, Rule 25.2(g) of the Texas Rules of Appellate Procedure provides, "[o]nce the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Tex. R. App. P. 25.2(g). Thus, absent certain exceptions not relevant here, once a defendant has filed a notice of appeal and the record has been filed with the appellate court, the trial court lacks authority to act on the case until it receives the appellate court's mandate. *See id.*; *Green v.*

---

[3] Rule 23.1 of the Texas Rules of Appellate Procedure provides: "[u]nless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so." Tex. R. App. P. 23.1.

*State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (interpreting former Texas Rule of Appellate Procedure 40(b)(2), predecessor to current Rule 25.2). The trial court generally may not render a judgment nunc pro tunc after the appellate record is filed in the court of appeals without direction from the appellate court. *See* Tex. R. App. P. 25.2(g), 44.4; *see also Green*, 906 S.W.2d at 939.

Here, the appellate record in each case had already been filed in this Court at the time the trial court signed the judgments nunc pro tunc on October 25, 2013. The State, conceding error, attempted to correct the error by initiating a motion for judgment nunc pro tunc but, the trial court did not have jurisdiction to sign the judgments nunc pro tunc at that time. *See* Tex. R. App. P. 23.1, 25.2(g); *see also Green*, 906 S.W.2d at 939. Because the trial court lacked jurisdiction to sign the judgments nunc pro tunc after the appellate record was filed, we must disregard the judgments nunc pro tunc contained in the supplemental clerk's records. *See Green*, 906 S.W.2d at 939. Instead, we review the original judgments, signed by the trial court on April 8, 2013, adjudicating Murray's guilt and imposing sentence in each case.

In these cases, the first page of the trial court's original judgment does not list a fine. However, the second page of the original judgment in these cases states that the trial court imposed a fine of $500 upon ordering Murray placed on

6

community supervision and then "ORDERS Defendant to pay all fines, court costs, and restitution as indicated above." In addition, the second page of the original judgment in these cases subsequently states: "Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above." Therefore, the original judgments in these cases appear to assess a fine of $500 against Murray. The record, however, reflects that the trial court did not include a fine in its oral pronouncement of the sentence in any of the three cases.

The trial court must orally pronounce a defendant's sentence in the defendant's presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is merely the written declaration and embodiment of the trial court's oral pronouncement. *See Taylor*, 131 S.W.3d at 500. When there is a conflict between the oral pronouncement of the sentence and the written judgment, the oral pronouncement controls. *Id.* When a trial court revokes an order for deferred adjudication community supervision, it cannot include the fine that it imposed in the original plea proceeding unless it orally pronounces the fine at the adjudication hearing. *Id.* at 502.

7

As set forth above, the record reflects in each case that the trial court did not assess a fine as part of its oral pronouncement of Murray's sentence, yet it assessed a fine of $500 in the original written judgments entered in each case. Therefore, we sustain Murray's sole issue in all three cases. We have the power to modify incorrect judgments when the necessary data and information are available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). Accordingly, we modify the language on the second page of the original judgment in each case ordering the defendant to pay "all fines, court costs, and restitution as indicated above[,]" leaving the sentence to read: "The Court ORDERS Defendant to pay court costs and restitution as indicated on page one of this Judgment." We also modify the language on the second page of the original judgment in each case stating, "Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above[,]" leaving the sentence to read: "Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining court costs and restitution as ordered by the Court above."

We affirm the judgment of the trial court in each case as modified in this opinion.

AFFIRMED AS MODIFIED.


_____
CHARLES KREGER
Justice


Submitted on January 23, 2014
Opinion Delivered March 12, 2014
Do not publish

Before McKeithen, C.J., Kreger and Johnson, JJ.